# IN UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| WENDY CARNES AND REBECCA CARNES, <br><br> PLAINTIFF, <br><br> V. <br><br> NATIONAL CREDIT SYSTEMS, INC. AND LANDMARK PROPERTIES, INC., <br><br> DEFENDANTS. | CIVIL ACTION NO.: |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. **WENDY CARNES AND REBECCA CARNES** ("Plaintiff") is a natural person who resides in Athens-Clarke County, Georgia.

2. **NATIONAL CREDIT SYSTEMS, INC.** ("NCS") is a corporation formed under the laws of the State of Georgia and registered to do business in

Georgia.

3. **LANDMARK PROPERTIES, INC.** ("LP") is a corporation formed under the laws of the State of Georgia and registered to do business in Georgia.

4. Defendant NCS Defendant LP may be served with process through C T Corporation System, Registered Agent, at 289 S. Culver Street, Lawrenceville, State of Georgia 30046.

5. Defendant LP may be served with process through W. Christopher Hart, Registered Agent, at 315 Oconee Street, Athens, State of Georgia 30601.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

7. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

8. Pursuant to 28 U.S.C. § 1391, venue is proper in the Middle District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. Pursuant to LR 3.1B(3), venue is proper in the Athens Division because the events described herein occurred in Athens-Clarke County which is in the Athens Division.

## **FACTUAL ALLEGATIONS**

10. Plaintiff is allegedly obligated to pay a consumer debt arising out of lease agreement with LP which was terminated and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a (3).

11. Defendant's principal business is the collection of consumer accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

12. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

13. Defendant manages, and collects upon, thousands of consumer debt accounts annually.
Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

14. Defendant had contacted Plaintiff in an attempt to collect a debt.

15. In October of 2022, Defendants sent Plaintiff correspondence in an attempt to collect monies owed lease agreement.

16. On or about October 12, 2022, Plaintiff sent correspondence to validate the alleged monies owed pursuant to the lease agreement for which the Defendants failed to timely response. Soon thereafter, the Defendant reported said monies owed to the Plaintiffs' credit reports.

17. Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the FCRA).

18. The FCRA mandates a debt be validated within thirty (30) days requested or said debt is not owed. 15 U.S.C. § 1681.

19. Defendants' failure to validate the debt owed within 30 days resulted in the debt be thus any reporting by the Defendants to the Plaintiff's credit reports was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

20. Defendants' false, deceptive, or misleading representations and means in connection with the collection of the alleged debt caused the Plaintiff anxiety and worry that the debt would be reported on her credit report until it was paid in full.

21. Plaintiff had to take time to seek legal counsel about the misleading statements made by Defendant.

22. Defendants' actions interfered with Plaintiff's ability to organize her financial affairs.

**INJURIES-IN-FACT**

23. The FDCPA provides consumers with "statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.,* No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); Church v. Accretive Health, Inc., 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Church, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis,* at 4, citing Church, at 3.

26. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt which caused Plaintiff a concrete and particularized injury in the form of anxiety and worry that the debt would be reported on her credit until it was paid, and uncompensated time and expenses spent seeking legal counsel about Defendant's misrepresentations.

27. Accordingly, through the violation of Plaintiff's statutorily created

rights under the FDCPA and the concrete and particularized injuries described above, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

28. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and:

   c) Anxiety and worry due to concerns about if she might have this debt reported on her credit until it was paid.

## CAUSES OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

30. Violations of 15 U.SC. § 1692e and its subparts 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

31. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

32. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below- average sophistication or intelligence," Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)

33. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

34. Defendants' actions detailed above were false and misleading.

35. As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiff for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

36. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a) Plaintiff's actual damages;

b) Statutory damages pursuant to 15 U.S.C. § 1692k;

c) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and;

d) Such other and further relief as may be just and proper.

Respectfully submitted this 29th day of November 2023.

                                            LAW OFFICES OF ADAM M. CAIN, LLC

                                            /s/ Adam M. Cain
                                            Adam M. Cain
                                            Attorney for Plaintiff
                                            Georgia Bar No. 102150

Law Offices of Adam M. Cain, LLC
297 Prince Ave., Suite 24
Athens, GA  30601
Telephone 706-206-7310
Facsimile 706-549-4694
*amcain@adamcainlaw.com*