```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE MIDDLE DISTRICT OF GEORGIA
                              ATHENS DIVISION

WENDY CARNES and REBECCA            *
CARNES,
                                    *
     Plaintiffs,
                                    *
vs.                                            CASE NO. 3:23-cv-140 (CDL)
                                    *
NATIONAL CREDIT SYSTEMS, INC.,
and LANDMARK PROPERTIES, INC.,      *

     Defendants.                    *
```

## O R D E R

Defendant Landmark Properties, Inc. ("Landmark") has moved to dismiss the Plaintiffs' complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Proc. 12(e). For the reasons set forth below, the Court grants Landmark's motion for a more definite statement (ECF No. 8).

## BACKGROUND

Plaintiffs brought this action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* against Landmark and National Credit Systems, Inc. ("National Credit"). Throughout the factual allegations in their complaint, Plaintiffs refer to actions taken by "Defendant" and "Defendants" without indicating which of the two defendants they are referring to in each allegation. Landmark moved to dismiss the complaint,

contending that Plaintiffs did not adequately allege facts to establish that Landmark was a "debt collector" within the meaning of the statute. In the alternative, since Plaintiffs summarily allege that "Defendant" was a debt collector, Landmark seeks a more definitive statement. Plaintiffs did not respond to the motion.

## DISCUSSION

Federal Rule of Civil Procedure 12(e) allows "[a] party [to] move for a more definite statement of a pleading to which a responsive pleading is required but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e). Here, the factual allegations in Plaintiffs' complaint are so vague that one cannot tell which Defendant Plaintiffs refer to in any given factual allegation. *See, e.g., Halbig v. Lake Cnty.*, No. 23-11875, 2024 WL 470420, at *3 (11th Cir. Feb. 7, 2024) (per curiam) (affirming dismissal of a "shotgun" complaint in part because it "did not identify which claims [the plaintiff] was bringing against which Defendant or what each specific Defendant did with respect to that count"). Landmark does not have fair notice of what it is alleged to have done or not done, as many allegations could just as easily be referring to National Credit or to both defendants. Accordingly, Defendants cannot reasonably answer the complaint's allegations. Landmark's motion for a more definite statement is therefore granted.

2

Within 21 days of the entry of today's order, Plaintiffs shall file an amended complaint which clearly specifies (1) which cause or causes of action are asserted against each particular Defendant, (2) which factual allegations form the basis of each claim against each Defendant, and (3) which Defendant Plaintiffs are referring to in each factual allegation.

## CONCLUSION

For the foregoing reasons, the Court grants Landmark's motion for a more definite statement (ECF No. 8). Landmark's motion to dismiss is terminated as moot. Plaintiffs shall file an amended complaint consistent with today's order within 21 days of its entry. If the Plaintiffs fail to do so, this action may be dismissed for lack of prosecution and failure to obey the Court's order. If Plaintiffs file an amended complaint, Defendants shall respond with an appropriate motion or responsive pleading within 21 days of its filing.

IT IS SO ORDERED, this 11th day of March, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

3